UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| MUFID AHMAD MUSTAFA, <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | No. 1:26-CV-083-H |

## ORDER

Before the Court is Mufid Ahmad Mustafa's motion for a temporary restraining order and preliminary injunction. Dkt. No. 2. Mustafa, a stateless individual born in the West Bank, argues that his removal is not significantly likely in the reasonably foreseeable future. Therefore, the argument goes, his continued post-removal-order detention violates the Fifth Amendment's Due Process Clause under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Mustafa has not shown a substantial likelihood of success on the merits. His detention has not exceeded *Zadvydas*'s presumptively reasonable six-month window. And, in any event, he fails to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The motion (Dkt. No. 2) is denied.

**1.     Background**

Mustafa was born in the West Bank. Dkt. No. 2 at 2. He has lived in the United States since 1974, when he adjusted his status to that of a lawful permanent residence. *Id.* Decades after arriving in this country, however, Mustafa was convicted of a drug-distribution offense and sentenced to 78 months' imprisonment in the California prison system. *Id.*

After serving his sentence, Mustafa was ordered removed. *Id.* He was detained by U.S. Immigration and Customs Enforcement for roughly five months in 2002 while officials tried to execute his removal order. *Id.* Apparently, ICE tried to remove Mustafa to Israel and Jordan. *Id.* When those efforts failed, ICE released Mustafa on an Order of Supervision. *Id.*; *see* 8 U.S.C. § 1231(a)(3). He has remained in the United States since.

Sometime last month, ICE re-detained Mustafa during a routine check-in. Dkt. No. 2 at 3. In his telling, ICE "did not identify any violation of the terms and conditions of his [supervision], nor did [it] allege any changed circumstances rendering his removal more foreseeable than at the time of his prior release." *Id.* Mustafa is detained at the Bluebonnet Detention Center in Anson, Texas. Dkt. No. 1 ¶ 11.

On February 23, 2026, Mustafa challenged his continued detention via a petition for a writ of habeas corpus. *See id.* ¶ 6. He argues that his detention violates due process because his removal—given that he is a "stateless" individual—is not significantly likely in the reasonably foreseeable future. *Id.* ¶ 29. Mustafa also filed the instant motion, asking the Court to order his immediate release subject to reasonable conditions. Dkt. No. 2 at 5.

**2.   Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the

merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

3. Analysis

Mustafa fails to demonstrate a substantial likelihood of success on the merits, which dooms his motion for TRO and preliminary injunction. The Court notes that Mustafa's habeas petition raises arguments that were not included in his motion. Given the need to resolve the motion on an accelerated timeline, the Court will address all other arguments when resolving Mustafa's habeas petition (Dkt. No. 1), which remains pending.

    A.    **Mustafa's brief detention is within *Zadvydas*'s presumptively reasonable period of detention.**

In *Zadvydas*, the Supreme Court "limit[ed] the occasions when courts will need to make" "difficult judgments" regarding the continued lawfulness of post-removal-order detention. 533 U.S. at 700–01. It did so by recognizing a "presumptively reasonable period of detention" of six months. *Id.* at 701. Fifth Circuit precedent has not resolved whether

aliens may challenge their detention before the six-month period expires. Several panels have dismissed such claims as premature, albeit in unpublished decisions. *See Garcia Duarte v. U.S. Dep't of Homeland Sec.*, No. 1:25-CV-1895, 2026 WL 233854, at *1 (W.D. La. Jan. 12, 2026) (collecting cases). But some district courts in the Fifth Circuit have concluded that *Zadvydas*'s six-month period is merely "a rebuttable presumption of reasonability." *Gomez-Simeon v. Bondi*, No. SA-25-CV-1460, 2025 WL 3470872, at *3 (W.D. Tex. Nov. 24, 2025); *Puertas-Mendoza v. Bondi*, No. SA-25-CA-890, 2025 WL 3142089, at *2 (W.D. Tex. Oct. 22, 2025). In the latter scenario, courts require petitioners to "*prove* that there is no significant likelihood of removal in the reasonably foreseeable future." *Puertas-Mendoza*, 2025 WL 3142089, at *2 (internal quotation marks omitted) (emphasis in original).

The threshold question, then, is whether Mustafa has been detained for six months or less. His argument appears to rest on the assumption that his prior five-month detention in 2002 counts toward the six-month clock. *See* Dkt. No. 2 at 2. But as the Court explained in *Ladak v. Noem*, non-consecutive detention spanning multiple decades cannot be cobbled together to break past *Zadvydas*'s presumptively reasonable six-month period. __ F. Supp. 3d __, 1:25-CV-194, 2025 WL 3764016, at *9–10 (N.D. Tex. Dec. 30, 2025).

Even so, Mustafa's argument appears to fail on its own terms. Counting his prior detention, Mustafa has been detained for about six total months. His petition and motion both allege that he was re-detained "in or about January 2026." Dkt. Nos. 1 ¶ 30; 2 at 3. Thus, even if the Court combines Mustafa's prior five-month detention and his current one-

month period, his detention is still within the presumptively reasonable window.  He therefore cannot show a substantial likelihood of success on his due-process claim.[1]

### B.     Putting aside the six-month window, Mustafa's challenge likely fails.

Moreover, even assuming that Mustafa has been detained for more than six months, his argument likely fails.  Once the six-month period expires, "the alien has the burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Ladak*, 2025 WL 3764016, at *3 (quoting *Zadvydas*, 533 U.S. at 701).  Mustafa asserts that he is unlikely to be removed anytime soon because he is a "stateless man" for whom no country is "willing to issue travel documentation."  Dkt. No. 2 at 3.  But that is merely conjecture.  It is no secret that the current administration is pursuing a policy of third-country removal.  *See Surovtsev v. Noem*, No. 1:25-CV-160, 2025 WL 3264479, at *6 (N.D. Tex. Oct. 31, 2025).  Standing here today, the government has had no chance to address whether it intends to remove Mustafa to a third country.  The Court must "giv[e] due weight to the likelihood of successful future negotiations."  *Zadvydas*, 533 U.S. at 702.  Given the undisputed third-country-removal policy, the Court "has no reason to believe that these efforts will be unsuccessful."  *Misirbekov v. Venegas*, 796 F. Supp. 3d 436, 439 (S.D. Tex. 2025).  For this reason, too, it is far from clear that there is no significant likelihood that Mustafa will be removed in the reasonably foreseeable future.

---

[1] To the extent that Mustafa seeks preliminary injunctive relief based on purported procedural violations (*see* Dkt. No. 2 at 3, 5), the Court is unconvinced.  As the Court explained elsewhere, even if the government committed a procedural violation in re-detaining a post-removal-order petitioner, and even if that error were harmful, a writ of habeas corpus would not be the appropriate remedy.  *See Nguyen v. Noem*, 797 F. Supp. 3d 651, 663–65 (N.D. Tex. 2025).

4.  **Conclusion**

Because Mustafa fails to show a substantial likelihood of success on the merits, the Court denies his motion for TRO and preliminary injunction. Dkt. No. 2. Mustafa's habeas petition (Dkt. No. 1) remains pending.

So ordered on February 24, 2026.

                                                      JAMES WESLEY HENDRIX
                                                     UNITED STATES DISTRICT JUDGE